IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| V. | § | CRIM. NO. A-06-CR-001-LY |
| | § | |
| NICHOLAS KLIFFMUELLER | § | |

## ORDER

Before the Court is the above-styled and numbered cause of action. Currently pending in this cause are the following motions: Motion for Evidence Favorable to the Defendant (Doc. #23); Motion for Names of Witnesses (Doc. #27); Motion for Inspection of Grand Jury Testimony (Doc. #28); Motion to Require the Government to Reveal any Agreement Entered into Between the Government and any Prosecution Witness that Could Conceivably Influence their Testimony (Doc. #29); Jencks Motion (Doc. #30); Motion for Discovery (Doc. #31); Motion for Bill of Particulars (Doc. #33); Motion to Suppress Evidence–Confession (Doc. #21); Motion Requesting Voir Dir Questions (Doc #22); Motion for Hearing on Voluntariness of any Admission or Confession (Doc. #24); Motion to Suppress Evidence Obtained by Means of Illegal Electronic Surveillance (Doc. #25); and Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Rule 801(D)(2)(E) (Doc. #26). Having considered the pending motions and the applicable law and to expedite discovery and bring about full readiness for trial by all parties the Court renders the following:

**IT IS ORDERED** that Motion for Evidence Favorable to the Defendant (Doc. #23); Motion for Names of Witnesses (Doc. #27); Motion for Inspection of Grand Jury Testimony (Doc. #28); Motion to Require the Government to Reveal any Agreement Entered into Between the Government

and any Prosecution Witness that Could Conceivably Influence their Testimony (Doc. #29); Jencks Motion (Doc. #30); and Motion for Discovery (Doc. #31) are **GRANTED TO THE FOLLOWING EXTENT AND THE GOVERNMENT AND DEFENDANTS SHALL:**

Confer and accomplish, to the extent they have not already done so, the following matters **ON OR BEFORE** *March 24*, 2006:

A. The Government shall permit Defendant to inspect and copy the following items or copies thereof, or supply copies thereof, that are within the possession, custody, or control of the Government, the existence of which is known or by the exercise of diligence may become known to the Government.

   1. Written or recorded statements made by Defendant.

   2. The substance of any oral statement made by Defendant before or after his arrest in response to interrogation by a person then known to be a government agent that the Government intends to offer into evidence at trial.

   3. Recorded grand jury testimony of Defendant relating to the offenses charged.

   4. The Defendant's FBI arrest record.

   5. Books, papers, documents, photographs, tangible objects, buildings or places that the Government intends to use as evidence at trial to prove its case-in-chief or that were obtained from or belong to Defendant.

   6. Results of reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

   7. A written summary of the testimony of expert witnesses the Government intends to present at trial that describes the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

B. Defendant shall permit the Government to inspect and copy the following items or copies thereof, or supply copies thereof, that are within the possession, custody or control of Defendant, the existence of which is known or by the exercise of diligence may become known to Defendant.

   1. Books, papers, documents, photographs, or tangible objects that Defendant intends to introduce as evidence-in-chief at the trial.

   2. Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that Defendant intends to introduce

as evidence-in-chief at trial or that were prepared by a witness Defendant intends to call at trial when the results or reports relate to the witness's testimony.

3. If Defendant intends to rely upon the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offense charged, he shall give written notice to the Government.

4. A written summary of the testimony of expert witnesses Defendant intends to present at trial that describes the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

C. The Government shall reveal to Defendant and permit inspection and copying of all information and material known to the Government that may be favorable to Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) or that would tend to impeach government witnesses.

D. The Government shall disclose to Defendant the existence and substance of any payments, promises of immunity, leniency, or preferential treatment made to prospective government witnesses within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The Government shall supply Defendant with an FBI rap sheet or other appropriate record of prior convictions of any Government witness who is known to have a prior criminal record.

F. The Government shall state whether Defendant was the subject of any electronic surveillance, and, if so, shall furnish to Defendant for inspection and copying any recordings or videotapes that may be offered into evidence at trial.

G. The Government shall cause to be transcribed the grand jury testimony of all witnesses who will testify for the Government at the trial of this cause so their statements can be furnished to Defendant pursuant to 18 U.S.C. § 3500.

It shall be the continuing duty of counsel for each party to reveal to opposing counsel all newly discovered information or other material within the scope of this order.

The Court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this order be denied, restricted, or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for each party shall make every good

faith effort to comply with the letter and spirit of this order. In all other respects the motions are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Bill of Particulars (Doc. #33) is **DENIED**.

The Motion to Suppress Evidence–Confession (Doc. #21); Motion Requesting Voir Dir Questions (Doc #22); Motion for Hearing on Voluntariness of any Admission or Confession (Doc. #24); Motion to Suppress Evidence Obtained by Means of Illegal Electronic Surveillance (Doc. #25); and Motion for Separate Hearing to Determine Existence of Conspiracy for Invocation of Rule 801(D)(2)(E) (Doc. #26) remain pending before this Court.

**IT IS FURTHER ORDERED** that pursuant to the Fifth Circuit Court of Appeals opinion in *United States v. Ellis*, 547 F.2d 863 (5th Cir. 1977), any plea bargain or plea agreement entered into by the parties in this cause shall be made known in writing to this Court **ON OR BEFORE 5:00 P.M. ON** _April 19_, 2006. No plea bargain or plea agreement entered into after this date shall be honored by this Court without good cause shown for delay.

Signed this _6th_ day of March, 2006.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE

4